## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| BRIANNA J. GRIFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:13CV2629 CDP |
| | ) |
| FRANCIS HOWELL SCHOOL | ) |
| DISTRICT, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th

Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged false arrest, which she claims was purportedly done in violation of her rights under the Fourteenth Amendment. Named as defendants are Francis Howell School District, the Juvenile Justice Center, and the St. Charles County Sheriff's Department (the "Department").

Plaintiff alleges that she was falsely arrested for dealing drugs. Plaintiff was a minor at that time, and she was arrested at her school, Francis Howell Middle School. Plaintiff claims that the drugs in question belonged to two Caucasian students. Plaintiff is African-American. Plaintiff believes that her arrest was the result of race discrimination in violation of the Fourteenth Amendment. Plaintiff also claims that she was never given a Miranda warning and that she was denied medical care.

## Discussion

This is not the first time plaintiff has brought this case before the Court. Upon review, the Court notes that the instant complaint contains assertions that are identical to those plaintiff set forth in seven cases previously filed either by plaintiff or on her behalf.

Plaintiff, by and through her next friend and mother Elizabeth McCray, filed lawsuits based on the April 11, 2006, events on two previous occasions in 2008. On February 1, 2008, she filed a § 1983 suit against the defendants named in this action as well as the School District, the Juvenile Justice Center, various minor children, school administrators, juvenile officers, attorneys, and judges. McCray v. N.D.B., 4:08CV198 CDP (E.D. Mo.). The Court dismissed that case without

prejudice on March 7, 2008, because the complaint did not comply with this Court's local rules or the Federal Rules of Civil Procedure.

On August 8, 2008, plaintiff filed a § 1983 suit against the School District, the St. Charles County Sheriff, and the Juvenile Justice Center. B.J.G. v. Francis Howell School Dist., 4:08CV1178 CDP (E.D. Mo.). On May 6, 2010, the Court dismissed that case with prejudice after finding that the School District and the Juvenile Justice Center were not proper defendants and, additionally, that the complaint failed to state a claim against the Sheriff. The Eighth Circuit Court of Appeals subsequently affirmed this Court's ruling. B.J.G. v. St. Charles County Sheriff, No. 10-2060, slip op. (8th Cir. Nov. 9, 2010).

Additionally, on November 9, 2011, plaintiff filed three separate lawsuits based on the April 11, 2006, events. In Griffin v. Francis Howell School Dist., 4:11CV1966 CDP (E.D. Mo.), plaintiff brought suit against the School District and three school officials for their alleged role in her detention. In Griffin v. St. Charles County Sheriff's Dept., 4:11CV1967 CDP (E.D. Mo.), she brought suit against the Sheriff's Department and a Deputy Sheriff for their part in the alleged events. In Griffin v. Juvenile Justice Center, 4:11CV1968 CDP (E.D. Mo.), plaintiff brought suit against the Justice Center and two of its employees for their part. Each of these cases were dismissed by this Court as legally frivolous and/or for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B) on January 19, 2012. And in Griffin v. Juvenile Justice Center, 4:12CV821 CDP (E.D. Mo.), plaintiff again brought suit against the School District, the Justice Center, and the Sheriff's Department. The Court dismissed the 2012 complaint as duplicative under 28 U.S.C. § 1915(e)(2)(B).

The named defendants in the instant case are identical to those named in previous cases filed by plaintiff, which this Court dismissed as legally frivolous and/or for failure to state a claim

under 28 U.S.C. § 1915(e)(2)(B). As a result, the instant complaint will be dismissed as frivolous and/or for failure to state a claim under § 1915(e)(2)(B). See Cooper v. Delo, 997 F.2d 376, 377 (8th Cir.1993) (noting that a § 1915(e) dismissal has res judicata effect on future in forma pauperis petitions).

Moreover, the Court notes that the allegations are legally frivolous because none of the named defendants can be sued under § 1983. See Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

A separate Order of Dismissal will be filed contemporaneously.

Dated this 28th day of January, 2014.

 _/s/ Catherine D. Perry_
 CATHERINE D. PERRY
 UNITED STATES DISTRICT JUDGE